IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ricky Roberson *et al.*,<br>       Plaintiff,<br>  vs.<br>Palm USA, Inc. d/b/a City Sports<br>       Defendant. | **JURY DEMAND** |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 ET SEQ., AND
THE ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/1 ET SEQ.**

  Plaintiff, Ricky Roberson, for himself and on behalf of similarly situated others, by and through his attorneys, Aaron B. Maduff and Walker R. Lawrence, of Maduff & Maduff, LLC, for his Complaint against Defendant, Palm USA, Inc. d/b/a City Sports, alleges and states as follows:

### INTRODUCTION

  1.  Plaintiff, Ricky Roberson, and similarly situated others work or worked for Defendant, in one of its athletic sports stores in the Chicagoland area. Plaintiff and similarly situated others are hourly non-exempt security guards that do not receive an overtime premium for any hours worked in excess of 40 in a week. Defendant's violations of Federal and State laws was willful.

### THE PARTIES

  2.  Plaintiff, Ricky Roberson, and similarly situated others are current and former employees of Defendant and are employees pursuant to 29 U.S.C. §203(e) and 820 ILCS 105/3(d). Mr. Roberson's consent to be a Plaintiff pursuant to 29 U.S.C. §216(b) is attached hereto as Exhibit A to this Complaint.

  3.  Plaintiff sues individually and as part of a collective action pursuant to 29 U.S.C. §216(b) and individually, and as part of a class under Fed. R. Civ. Pro. 23 for himself

and other similarly situated employees or former employees of Defendant for violations of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. The collective action claims are for overtime compensation, liquidated damages, and attorney's fees and costs under 29 U.S.C. §§207 and 216(b). The Illinois Minimum Wage Law is a class action claim for overtime compensation, punitive damages, and attorney's fees and costs pursuant to 820 ILCS 105/1 *et seq*.

4. Defendant, Palm USA, Inc. d/b/a City Sports ("City Sports" or Defendant), is an Illinois corporation with its principal place of business in Illinois and doing business within the territorial limits of the United States District Court for the Northern District of Illinois. Defendant is and was at all relevant times an employer and an enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C.§§203(d) and 203(s). Defendant is and at all relevant times was an employer within the definitions of 820 ILCS 105/3(c).

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's claims against the Defendants under 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. This Court has supplemental jurisdiction over the State Law Claims under 28 U.S.C. §1367.

6. Venue is proper in this District as acts giving rise to this cause of action took place in this District and Defendants regularly conduct business in this District.

**FACTS**

7. According to its website City Sports "is the leading athletic inspired footwear and urban apparel retailer in the Chicagoland area."

8. City Sports lists 26 locations on its website. All but one are in the Illinois. Those locations are as follows.

a) 9147 S Commercial Ave. Chicago IL 60617

b) 4034 W Madison Ave. Chicago IL 60624

c) 4011 W Madison Ave. Chicago IL 60624

d) 1201 N Milwaukee Ave. Chicago IL 60642

e) 112 W 87th St. Suite #M2 Chicago IL 60620

f) 338-346 E 47th St. Chicago IL 60653

g) 196-202 E 154th St. Harvey IL 60426

h) 4601 N Broadway Ave. Chicago IL 60640

i) 335 N Central Ave. Chicago IL 60644

j) 11102-06 S Michigan Ave. Chicago IL 60628

k) 4666 S Halsted Ave. Chicago IL 60609

l) 6531-35 S Halsted Ave. Chicago IL 60621

m) 5430 W Chicago Ave. Chicago IL 60651

n) 823 E 63rd St. Chicago IL 60637

o) 2024-26 E 71st St. Chicago IL 60649

p) 8000 Melton Rd. Gary IN 46403

q) 4845 W North Ave. Chicago IL 60639

r) 112 W 87th St. Suite #M4 Chicago IL 60620

s) 9036-40 S Commercial Ave. Chicago IL 60617

t) 6531-35 S Halsted Ave. Chicago IL 60621

u) 1701 N Larkin Ave. Crest Hill IL 60403

v) 11301-07 S Michigan Ave. Chicago IL 60628

w) 11610 S Marshfield Ave. Chicago IL 60643

      x)      239 S Bolingbrook Dr. Bolingbrook IL 60440

      y)      7401 W 24th St. North Riverside IL 60546

      z)      10812 S Doty Ave. West Chicago IL 60628.

9. At most City Sports stores, the Defendant employs a security guard.

10. Security guards at City Sports help maintain security within the store, assist customers as needed, and are responsible for collecting and returning customer's bags when they enter and exit the store.

DEFENDANT'S PAY POLICIES

11. City Sports employs a number of hourly non-exempt employees, including security guards.

12. City Sports, however, pays its security guards differently than other non-exempt hourly employees.

13. While other non-exempt hourly employees are entitled to overtime for hours worked in excess of 40 in a workweek, it is Defendant's pay practice to pay security guards only straight time for all hours worked and never pay an overtime premium.

14. City Sports also pays its security guards cash and does not pay them through its payroll services. As a result, City Sports does not take any taxes out of the Plaintiff's wages.

15. Security guards at City Sports clock in and clock out using the same time keeping system as other non-exempt hourly employees.

16. On pay days, Security Guards are asked to sign a payroll sheet confirming the hours recorded for that week.

17. The manager of the store than pays the Security Guard cash from the register. The total wages for that week is calculated by multiplying the hours recorded by the employee's hourly rate.

18. Security Guards are not paid an overtime premium for any hours worked in excess of 40 in a week.

<u>Security Guards in All of Defendant's Stores Are not Paid an Overtime Premium</u>

19. Plaintiff Ricky Roberson has complained to Defendants about its pay practices and that he and other security guards were not being paid overtime.

20. On at least one occasion, a corporate representative – John (L/N/U) – told Mr. Roberson that its pay practices with respect to security guards was companywide policy and that no security guard received overtime premiums.

21. John L/N/U specifically told Mr. Roberson that because it was standard practice in the security guard industry not to pay overtime, Defendant had implemented it pay practice not to pay overtime premiums to its security guards.

22. Plaintiff Ricky Roberson has worked for the Defendant for more than five years and met a number of other employees that work and worked for the Defendant.

23. In conversations with other security guards that work at other locations, they have complained to him that they also do not get paid overtime premiums.

<u>Defendant's Failure to Pay Overtime Premiums is Willful</u>

24. When Plaintiff and similarly situated others worked in a workweek more than 40 hours, Defendants did not pay an overtime premium.

25. Rather, the Defendants pay the Plaintiff and similarly situated others only their straight rate.

26.     Defendant's denial of overtime compensation to Plaintiff and similarly situated individuals has been willful and deliberate.

<u>COLLECTIVE AND CLASS ACTION ALLEGATIONS</u>

27.     Count I of this action is maintainable as an "opt-in" collective action under 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, and attorney's fees under the Fair Labor Standards Act (FLSA).

28.     Plaintiff brings Count II as a class action on behalf of himself and security guards who work or worked for City Sports and did not receive an overtime premium for all hours worked over 40 during the last three years.

29.     There are questions of law or fact common both to the Collective and the Class. These questions predominate over any question that may exist regarding individuals.

30.     Plaintiff's claims described herein are typical of the claims of the members of the Collective and Class.

31.     Plaintiff and his counsel will fairly and adequately protect the interests of the Collective and the Class.

32.     As to Count I, a collective action, and as to Counts II, a class action, they are the most appropriate methods for the fair and efficient resolution of the matters alleged.

33.     As to Count I, Plaintiff seeks a putative collective certification of and notice to all current and former City Sports security guards who did not receive an overtime premium for all hours worked over 40 during the last three years.

34.     As to Count II Plaintiff seeks class certification under Fed. R. Civ. Pro. 23 of all current and former City Sports security guards who did not receive an overtime premium for all hours worked over 40 during the last three years.

## COUNT I

## DEMAND FOR RELIEF FOR VIOLATIONS OF
## THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 *ET SEQ.*
## FOR FAILURE TO PAY OVERTIME PREMIUM

35. Plaintiff restates and re-alleges paragraphs 1 through 34 as paragraph 35 of this Count I.

36. Under the FLSA, 29 U.S.C. §207, Defendant was and remains obligated to compensate Plaintiff and similarly situated others time and one half for all hours worked over forty in any week.

37. During the three years prior to filing this Complaint, Plaintiff and similarly situated others were regularly permitted, encouraged, and/or required to work over forty hours per week but were not paid any overtime premium for such work.

38. By failing to pay any overtime premiums due to Plaintiff and similarly situated others, Defendant willfully, knowingly, and/or recklessly violated the FLSA which requires overtime premiums to be paid to non-exempt employees.

39. Because of Defendant's policy and practice of withholding overtime premiums, Plaintiff and similarly situated others have been damaged in that they have not received wages due to them under the FLSA.

WHEREFORE, Plaintiff requests the following relief:

    a) Authorization to issue notice under 29 U.S.C. §216(b) at the earliest possible date to all current and former similarly situated employees of Defendant during the three years immediately preceding filing this action, informing them this action has been filed, the nature of the action, and of their right to opt into this

lawsuit if they worked over forty hours in any week during the past three years and were not paid an overtime as required by the FLSA;

  b) A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. §207, as to the Plaintiff and similarly situated others who opt into this action;

  c) A declaratory judgment that Defendant's violations of the FLSA were willful;

  d) An award to Plaintiff and similarly situated others who opt into this action of damages for the unpaid overtime compensation showed to be owing;

  e) An award to Plaintiff and other similarly situated others who opt into this action of liquidated damages in an amount equal to the overtime compensation owed to them under 29 U.S.C. §216(b);

  f) An award to Plaintiff and similarly situated others who opt into this action of reasonable attorney's fees and costs, under 29 U.S.C. §216(b); and

  g) An award of such other and further relief as this Court deems just and equitable.

**COUNT II**
**DEMAND FOR RELIEF FOR VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW**
**820 ILCS 105/1 *ET SEQ*.**
**FOR FAILURE TO PAY OVERTIME WAGES**

  40. Plaintiff restates and re-alleges paragraphs 1 through 34 as paragraph 40 of this Count II.

41. Under the Illinois Minimum Wage Law, Defendant was and remains obligated to compensate Plaintiff and similarly situated others time and one half for all hours worked over forty in any week.

42. During the three years prior to filing this Complaint, Plaintiff and similarly situated others were regularly permitted, encouraged, and/or required to work over forty hours per week but were not paid for such overtime work.

43. By failing to pay overtime compensation due to Plaintiff and similarly situated employees, Defendant willfully, knowingly, and/or recklessly violated the Illinois Minimum Wage Law which requires overtime compensation to be paid to non-exempt employees.

44. Because of Defendant's policy and practice of withholding overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due them under the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff requests the following relief:

    a) Certification of a class defined as "All Security Guards in Illinois employed by Defendant City Sports that worked over 40 hours in any workweek and were not paid an overtime premium at any time in the three years prior to November 16, 2012."

    b) A declaratory judgment that Defendant has violated the overtime provisions of the Illinois Minimum Wage Law, as to the Plaintiff and the Class;

    c) A declaratory judgment that Defendant's violations of the Illinois Minimum Wage Law were willful;

  d) An award to Plaintiff and the Class for unpaid overtime compensation to be proven;

  e) An award to Plaintiff and the Class of punitive damages as provided by the Illinois Minimum Wage Law;

  f) An award to Plaintiff and the Class of reasonable attorney's fees and costs; and

  g) An award of such other and further relief as this Court deems just and equitable.

**PLAINTIFF REQUESTS A JURY**

Respectfully submitted,

/s/ Walker R. Lawrence

Aaron B. Maduff
Atty. No. 6226932
Walker R. Lawrence
Atty. No. 6296405
Maduff & Maduff, LLC
205 N. Michigan, Ave., Suite 2050
Chicago, Illinois 60601
312/276-9000