**SETTLEMENT AGREEMENT AND RELEASE**

1) **Definition of Terms**. This Settlement Agreement and Release ("Agreement") is executed by and between Ricky Roberson, Jodie Madison, James White, David Booth and Carl Williams (collectively "Plaintiffs"), and Defendant Palm USA, Inc. d/b/a City Sports ("Defendant" or "City Sports"), on behalf of its past and present parent, subsidiary, and affiliated entities, predecessors, successors, assigns, representatives, shareholders, officers, directors, agents, and employees (collectively "Released Parties").

2) **Matters Resolved**. The Plaintiffs filed a complaint commencing the litigation on November 16, 2015 alleging that City Sports violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §'201 et seq. and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq. by failing to pay overtime pay in an action docketed in the United States District Court for the Northern District of Illinois as 1:15-cv-10349 ("Action"). The Plaintiffs and City Sports (the "Parties") hereby desire to fully and finally resolve the Plaintiffs' claims in this Action.

3) **Global Settlement**. City Sports agrees to pay no more than a total of $65,000 ("global settlement amount"), inclusive of all costs including, without limitation, all attorneys' fees and costs to resolve all claims of all Plaintiffs exclusive only of employer side taxes that may be due as a result of the payments contemplated hereunder.

4) **Incentive Award**: In recognition of his services to the class, Plaintiff Ricky Roberson shall receive a $1,000 incentive award and will be reported on a Form 1099 issued after the end of the calendar year in which the payment was made. The incentive award is in addition to the settlement amounts that he will receive as set forth in Paragraph 6 below. The incentive award shall be paid out of the global settlement amount.

5) **Attorneys' Fees and Costs**: Class counsel, Maduff & Maduff, LLC, has a written retainer agreement with Plaintiff Ricky Roberson. In consideration of City Sports' acceptance of this Agreement, however, Class Counsel has agreed to waive its contractual right to fees and expenses from the plaintiffs and accept payment of $29,250.00 in lieu of all other claims for attorneys' fees, expenses and costs administration that it might otherwise assert. All payments to Class Counsel shall be paid from the global settlement amount. City Sports shall make the payment to Class Counsel within 30 days following approval of this settlement Agreement by the Court.

6) **Payments from Global Settlement Fund**: After deduction of the $29,250.00 to be paid to Class Counsel and the $1,000 to be paid to Plaintiff Ricky Roberson, the remainder of the global settlement fund will be distributed to the class members as set forth below; provided that half the payment owed to the Plaintiffs will represent lost wages from which applicable withholding and deductions for federal, state and local taxes shall be made, and for which a W-2 will be issued at the appropriate time. The other half represents liquidated damages and will be reported on a Form 1099 issued after the end of the calendar year in which the payment was made.

| Plaintiff | Incentive<br>1099 | Back Wages<br>W-2 | Liq. Damages<br>1099 | Total |
|---|---:|---:|---:|---:|
| Ricky Roberson | $1,000.00 | $4,881.04 | $4,881.04 | $10,762.09 |
| Jodie Madison | $0.00 | $3,341.05 | $3,341.05 | $6,682.09 |
| James White | $0.00 | $252.26 | $252.26 | $504.52 |
| David Booth | $0.00 | $8,650.65 | $8,650.65 | $17,301.29 |
| Carl Williams | $0.00 | $250.00 | $250.00 | $500.00 |
| | | | Total | $35,750.00 |

**7)** **Release**: The Plaintiffs hereby voluntarily release and forever discharge the Released Parties from any and all claims for wages which were or could have been brought in the instant action whether known or unknown (including without claims alleging unpaid wages, unpaid overtime compensation, penalties, unpaid vacation, as well as any claims for attorneys' fees, costs or other alleged damages related to those claims) against the Released Parties and any of their former, present or future parents, subsidiaries, affiliates, partners, officers, directors, employees, agents, shareholders, and the predecessors and successors, assigns, and legal representatives of all such entities and individuals, including all federal and state wage and hour claims (such as, by way of example only, the FLSA, the Illinois Minimum Wage Law, and the Illinois Wage Payment & Collection Act and all regulations issued thereunder). All Settlement Checks shall contain on the back a limited endorsement in the following language:

> I agree that I have received payment for alleged damages due for any and all claims asserted in *Roberson v. Palm USA Inc., d/b/a City Sports*, Case No. 15-cv-10349 ("Released Claims"). The Released Claims include only claims for unpaid regular or overtime wages, penalties, punitive damages, interest and liquidated damages on such claims, and attorneys' fees and costs related to such claims, arising on or before the date of the Settlement Agreement in Case No. 15-cv-10349 in the U.S. District Court for the Northern District of Illinois was executed.

**8)** **Settlement Administration**: City Sports, its attorneys, Class Counsel and the Plaintiffs agree to cooperate in administering the settlement. Within thirty (30) days of the Court's approval of this Agreement, City Sports shall issue settlement checks to each Plaintiff in the amounts listed in Paragraph 6 and tender them to Class Counsel. Class Counsel shall be responsible for distributing the settlement checks.

**9)** **Court Approval**. Before any payments are made from the global settlement fund, the parties shall present this Agreement to the Court for approval. As soon as reasonably practicable, the parties will submit a joint motion for court approval of this agreement. Upon court approval of this Agreement or any successor settlement agreement to which the parties agree, the plaintiffs agree to ask the Court to dismiss the litigation on the following terms:

"Pursuant to the Settlement Agreement, this matter is dismissed without prejudice to convert to prejudice on [      , 2017]."

      **10)** **Failure to Approve**. In the event the Court does not approve this Agreement, the parties agree to meet in good faith to attempt to modify the agreement so as to make it acceptable to the Court. In the event the parties are unable to agree to a modification of the Agreement that it is acceptable to the Court and the Court, within forty-five days (45) days thereafter (or such further time as the parties agree and the Court permits), declines to approve this Agreement or any modified agreement the Parties will seek assistance from the magistrate Judge in this matter to resolve the dispute.

      **11)** **Authority**. City Sports represents and warrants that the person signing this Agreement has the authority to act on behalf of the Defendant and to bind City Sports and all who may claim through the Company to the terms and conditions of this Agreement.

      **12)** **No-Admission of Liability:** Neither City Sports' agreement as reflected herein, nor its willingness to pay the plaintiffs shall be construed as an admission of liability as City Sports not only has denied, but continues to deny both the material allegations of the complaint filed in the litigation and any and all liability for damages of any kind to anyone with respect to the alleged facts and claims asserted in the litigation.

Date: _____

On Behalf of Plaintiffs

_____
Ricky Roberson

On Behalf of City Sports

On Behalf of Maduff & Maduff

_____
Signature

_____
Aaron B. Maduff

_____
Title: